GARY M. RESTAINO
United States Attorney
District of Arizona

COLEEN SCHOCH
Assistant U.S. Attorney
Georgia Bar No. 366545
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: coleen.schoch@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-00744-PHX-DLR |
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Jorge Zuniga-Aguilera, | |
| Defendant. | |

The United States agrees with the Presentence Report calculations resulting in a Total Offense Level of 23, Criminal History Category I, and a Guidelines range of 46–57 months' imprisonment. It has no objections or corrections to the PSR. The United States respectfully recommends that the Court accept the plea agreement and impose a below-Guidelines sentence for Defendant Zuniga-Aguilera of 30 months' imprisonment followed by a term of 3 years' supervised release. This motion is supported by the following Memorandum of Points and Authorities and all matters of record.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    FACTS AND PROCEDURAL HISTORY**

Defendant Zuniga-Aguilera admitted that he knowingly made false statements on the ATF Form 4473 about his address and about being the true purchaser of the firearm he purchased from a Phoenix FFL in June 2021. The PSR correctly holds him responsible for 82 firearms that he purchased in Arizona between September 2020 and June 2021.

The firearms that Defendant purchased by means of false statements included multiples of same make, model, and caliber firearms, particularly very inexpensive pistols, which are sought-after firearms in the illegal trade. At least one of these firearms was purchased with a high-capacity (over 15 rounds) magazine. At one point, Defendant was purchasing an average of seven firearms a week. Defendant would also make multiple purchases on the same day at different FFLs. One of the firearms that Defendant purchased was recovered in a violent street crime in Mexico. The location of the other 77 firearms is unknown. When interviewed by ATF, Defendant admitted that he used an old address on the ATF Form 4473s. He also admitted that he had straw purchased these firearms for a person whose full name he did not know, but whom he believed did not have legal status in the United States. Defendant stated that he was paid $100 per firearm and engaged in straw purchasing to make money.

In September 2021, a federal grand jury charged Defendant with 38 counts of False Statement in the Purchase of a Firearm under 18 U.S.C. § 924(a)(1)(A), a Class D felony offense. In June 2022, Defendant pleaded guilty before a United States Magistrate Judge to Count 38 of the Indictment pursuant to a plea agreement. The Magistrate Judge issued Findings and a Recommendation that the Court adopt Defendant's guilty plea. This Court accepted the Defendant's guilty plea and deferred its decision on acceptance of the plea agreement to the time of sentencing.

## II. UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Defendant receive a sentence of 30 months' imprisonment followed by a term of 3 years' supervised release. As calculated in the PSR, Defendant has a Total Offense Level of 23, Criminal History Category I, and a Guidelines range of 46–57 months' imprisonment. The United States requests that the Court accept the plea agreement and impose this below-Guidelines sentence.

### A. A Sentence of 30 Months' is Appropriate under § 3553(a)

The United States submits that 30 months' imprisonment is a fair and just sentence

that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The nature and circumstances of the offense and Defendant's history and characteristics favor a sentence of 30 months'. Section 3553(a)(1) requires the Court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. The nature and circumstances of his offense call for a significant sentence. Defendant purchased more than 80 firearms in eight months on behalf of a person whom he knew had no legal status in the United States. At least one of these firearms was purchased with a high-capacity (over 15 rounds) magazine. Defendant admitted that his motivation was to make money. As a result of Defendant's conduct, these firearms were smuggled into Mexico, and at least one was used to murder a Mexican citizen.

Defendant was 22 years old at the time of the crimes and has no prior criminal history. Defendant returned to the United States to meet with ATF regarding his firearms purchases. He then admitted his conduct and voluntarily forfeited the four straw-purchased firearms that he still had in his possession. The United States submits that Defendant's history and characteristics weigh in favor of a sentence of 30 months' imprisonment.

### 2. Seriousness of the Offense

Second, pursuant to § 3553(a)(2)(A), the sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Defendant purchased at least 82 firearms and put them into illegal commerce. He did so for money: $100 per firearm. He also intentionally purchased them for and provided them to a person whom he knew to not have legal status in the United States. One of these firearms was recovered by law enforcement in Mexico after it was used to murder a Mexican citizen. The location of the other firearms remains unknown.

Defendant's sentence must reflect the seriousness of this conduct, including the negative impact that purchasing firearms for others, especially when those firearms are smuggled into Mexico, has on society. A sentence of 30 months' imprisonment properly

reflects the seriousness of Defendant's conduct, promotes respect for the law, and provides just punishment for the offense, without being greater than necessary.

### 3. Adequate Deterrence

Third, pursuant to § 3553(a)(2)(B), the sentence must "afford adequate deterrence to criminal conduct." Defendant's sentence must be sufficient to deter Defendant and others who would purchase firearms for traffickers in exchange for money. A sentence of 30 months' imprisonment is sufficient but not greater than necessary to do so.

### 4. Protecting the Public

Fourth, § 3553(a)(2)(C) requires the Court to consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. Defendant's choice to buy firearms that were smuggled to Mexico in exchange for money indicate that he poses a significant risk of harm to the community. Nevertheless, Defendant has admitted his conduct and accepted responsibility for it. He has a wife and young child who reside in Mexico. He hopes to apply for their citizenship so that they may reside in the United States together. These are reasons for Defendant pursue a law-abiding lifestyle in the future. The United States believes that a below-guidelines sentence of 30 months' imprisonment is sufficient but not greater than necessary to protect the public from Defendant's future crimes.

### 5. Providing Needed Correctional Treatment

Finally, pursuant to § 3553(a)(2)(D), the Court must consider the need for the sentence imposed to provide Defendant with necessary and effective educational or vocational training, medical care, or other correctional treatment. Defendant does not possess a high school diploma or GED. While in custody, Defendant could obtain educational and vocational training that would assist him in securing stable employment when he is released, which would in turn help to protect the public from his future crimes.

## B. A 3-Year Term of Supervised Release is Appropriate under § 3583(c)

The United States recommends that Defendant be placed on supervised release for three years. This term is warranted by the nature and circumstances of Defendant's offense.

- 4 -

*See* 8 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1)). It is also necessary to protect the public from further crimes by Defendant and to deter his from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)).

### III. CONCLUSION

The United States recommends that Defendant receive a sentence of 30 months' imprisonment followed by a term of 3 years' supervised release.

Respectfully submitted this 8th day of September, 2022.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>*s/ Coleen Schoch*
>COLEEN SCHOCH
>Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Ana Laura Botello, *Attorney for defendant*

*s/ J. Brown*
U.S. Attorney's Office